Brian Edward Moore

     v.                                                   Civil No. 25-cv-110-LM-AJ

Warden, FCI Berlin


## REPORT AND RECOMMENDATION

Brian Edward Moore, a self-represented prisoner, was incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, when he filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  Moore contends that the Federal Bureau of Prisons ("BOP") has not applied the First Step Act ("FSA") time credits that he has earned to reduce his sentence, in violation of the FSA and District of Columbia Code ("D.C. Code") § 24-403.01b. Doc. No. 1.  In subsequent filings, Moore also argues that he is entitled to up to a one-year reduction in his sentence under D.C. Code § 24-403.01(d-l)(1).  The Warden moves for summary judgment on the FSA claim on the ground that Moore has not met the requirements for application of his FSA credits, see Doc. No. 4, and, as to the one-year reduction claim, on the ground that Moore has not completed the requisite residential drug treatment program to be eligible for that reduction, see Doc. No. 26.  For the reasons below, the district judge should grant the Warden's motion for summary judgment (Doc. No. 4) and deny Moore's cross-motions, Doc. Nos. 16, 20-21, 24-25.

---

[1] As of January 10, 2026, Moore was incarcerated at the United States Penitentiary in Waymart, Pennsylvania.  Doc. No. 28.

<u>Summary Judgment Standard</u>

"The law requires a party moving for summary judgment to demonstrate that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law." Hewes v. Pangburn, 162 F.4th 177, 196 (1st Cir. 2025) (internal quotation marks and citation omitted); <u>see also</u> Fed. R. Civ. P. 56(a).  Federal Rule of Civil Procedure 56(a), setting forth that standard, applies in § 2241 proceedings.  <u>See</u> Fed. R. Civ. P. 81(a)(4).

<u>Background</u>

Moore was convicted in May 2019, in the Superior Court of the District of Columbia, on two counts of obstruction of justice and two counts of threatening a public official.  Decl. of S. Stokes (May 7, 2025) ("Stokes Decl.") ¶ 4 (Doc. No. 4-2); <u>see also</u> Moore v. United States, 342 A.3d 1222, 1228 (D.C. 2025).  He was sentenced to eight years in prison, to be followed by five years of supervised release.  Id. at 1228-29.  Moore's release date with good conduct time is expected to be March 1, 2026.  Stokes Decl. ¶ 4 (Doc. No. 4-2).

In his petition, Moore contends that he has earned FSA credits against his sentence under D.C. Code § 24-403.01b, but the BOP refuses to apply the credits in violation of his federal rights.  In subsequent filings, Moore contends that he is eligible for up to a one-year reduction in his sentence under D.C. Code § 24-403.01(d-1)(1).  Moore contends that he should have been released from prison last spring.

The Warden moves for summary judgment to deny the petition, arguing that Moore is not eligible for release under the FSA because he has not achieved or maintained the required low level of risk of recidivism, <u>see</u> 18 U.S.C. § 3624(g)(1)(A)-(C), and he is not eligible for a one-year reduction in his sentence under D.C. Code § 24-403.01(d-l)(1). Moore filed a set of motions

seeking relief on his § 2241 petition, which are in the nature of cross-motions for summary judgment.

Discussion

I.      Application of FSA Credits

"Under the FSA federal prisoners can earn up to fifteen days of time credit per month by participating in 'evidence-based recidivism reduction programming . . . or productive activities,' [and] [s]uch time credits 'shall be applied toward time in prerelease custody or supervised release.'" Brown v. Penders, 101 F.4th 944, 945 (1st Cir. 2024) (quoting 18 U.S.C. § 3632(d)(4)(A) & (C)). The FSA establishes the requirements for application of the credits for early release and early transfer to supervised release. Williams v. Warden, 793 F. Supp. 3d 412, 417–18 (D.N.H. 2025) (citing 18 U.S.C. § 3624(g)).

The First Step Act defines a "prisoner" for purposes of the earned time credit provisions to include a person who has been sentenced to a term of imprisonment for a federal crime, "or a person in the custody of the Bureau of Prisons." 18 U.S.C. § 3635(4). FSA time credits are not barred from application to D.C. prisoners in BOP custody if they are authorized under the D.C. Code. See 28 C.F.R. § 523.44(a)(3). For that purpose, in 2023, the District of Columbia Council adopted D.C. Code § 24-403.01b, entitled, "First Step Act parity in earned time credits." That part of the D.C. Code provides that eligible prisoners who are serving District of Columbia sentences in federal prisons can earn FSA credits. D.C. Code 24-403.01b; see also Bracey v. Warden, No. 25-cv-1553, 2025 WL 2463264, at *1, 2025 U.S. Dist. LEXIS 167119, at *3 (D.N.J. Aug. 27, 2025).

3

It is undisputed for purposes of summary judgment that Moore is eligible to earn FSA credits under D.C. Code § 24-403.01b.  The Warden also does not dispute that Moore has earned FSA credits.  Doc. No. 4-2, at ¶ 9.  Under the FSA, it is possible for a prisoner to earn credits, but be ineligible to have those credits applied.  The BOP applies credits earned by eligible prisoners if they have "'shown through [BOP's] periodic risk assessments a demonstrated recidivism risk reduction' or that [they] ha[ve] 'maintained a minimum or low recidivism risk.'"  Williams, 793 F. Supp. 3d at 418 (citing 18 U.S.C. § 3624(g)(1)(A)-(C)); see also 28 C.F.R. § 523.44(b)(2).

Moore argues that the restrictions on the application of FSA time credits imposed by 18 U.S.C. § 3624(g) do not apply to him because he is a District of Columbia prisoner earning FSA time credits under D.C. Code § 24-403.01b, and not a federal prisoner subject to all of the FSA's requirements.  He has not shown, however, that D.C. Code § 24-403.01b alters the FSA's requirements for when and whether FSA time credits may be applied; the pertinent D.C. Code provision on its face does not indicate that result.  Instead, § 24-403.01b (codified with the title, "First Step Act parity in earned time credits") is intended to "create parity" for D.C. prisoners in federal prisons.  See Corrections Oversight Improvement Omnibus Amendment Act of 2022, 2022 D.C. Laws 24-344 (Act 24-754) (preamble).  Parity is not achieved if FSA credits earned by D.C. prisoners, regardless of their recidivism risk levels, are always applied to shorten their prison terms or lengthen their prerelease custody placements, but similarly-situated federal prisoners' FSA time credits cannot be applied towards those ends.

Consistent with a straight-forward construction of § 24-403.01b and its interplay with the FSA, the BOP treats D.C. Code offenders in BOP custody the same as U.S. Code offenders.  "In

other words, D.C. Code offenders will not be eligible to apply their FSA time credits unless they meet the criteria in 18 U.S.C. § 3624(g)." Decl. of S. Stokes ¶ 10 (Doc. No. 4-2).

In support of summary judgment, the Warden submitted the affidavit of S. Stokes, Correctional Programs Administrator in the Correctional Programs Division at the BOP Northeast Regional Office. Doc. No. 4-2, at ¶ 1. Administrator Stokes states that the BOP assessed Moore's recidivism risk on April 29, 2025, and found him to have a medium risk of recidivism. Doc. No. 4-2, at ¶ 12. The Warden later submitted a recidivism assessment dated October 20, 2025, showing that Moore continued to be assessed at a medium recidivism risk. Doc. No. 26-1. As a result, Moore did not meet the requirement of a minimum or low recidivism risk for application of FSA credits for early release or placement on supervised release.[2] See McCoy v. Warden, No. 22-cv-527, 2024 DNH 030, 2024 U.S. Dist. LEXIS 58712, 2024 WL 1348871, at *3 (D.N.H. Mar. 29, 2024).

The Warden notes that a prisoner who has not lowered his recidivism risk can petition the warden of his prison to exercise discretion to apply FSA credits under 18 U.S.C. § 3624(g)(1)(D) despite not meeting the risk of recidivism requirement. The Warden states that discretion in that regard would not be appropriate in Moore's case, however, because of his disciplinary record, as provided by Administrator Stokes. Doc. No. 4-5. Moore does not appear to allege that he petitioned the Warden for discretionary FSA relief. See Taylor v. Warden, No. 23-cv-150, 2023

---

[2] To the extent Moore argues that his recidivism risk was improperly assessed, courts have held that the issue is not reviewable under § 2241. See Tennigkeit v. Taylor, No. 24-6322, 2025 WL 618740, at *1, 2025 U.S. App. LEXIS 4497, at *1-2 (9th Cir. Feb. 26, 2025) (citing 18 U.S.C. § 3625); see also McMiller v. Carter, No. 24-cv-1181, 2025 WL 3022385, at *4, 2025 U.S. Dist. LEXIS 213758, at *12-13 (D. Md. Oct. 29, 2025); Curry v. Warden, No. 2:25-CV-4, 2025 WL 2792764, at *8, 2025 U.S. Dist. LEXIS 195426, at *18-19 (S.D. Ga. Sept. 9, 2025), R&R adopted, 2025 WL 2785052, 2025 U.S. Dist. LEXIS 193445 (S.D. Ga. Sept. 30, 2025).

DNH 073, 2023 U.S. Dist. LEXIS 103592, at *7-8, 2023 WL 4055721, at *3 (D.N.H. Jun. 14, 2023) (describing process for petitioning warden for discretionary application of FSA credits). In any case, as explained by the Warden here, Moore is not eligible for application of his FSA credits either under § 3624(g) or as a matter of the Warden's discretion.

II.    One-Year Sentence Reduction

In the motion to grant his § 2241 petition and in his reply to the Warden's objection to that motion, Moore contends that he is entitled to a one-year reduction in his sentence pursuant to a sentencing statute in the District of Columbia Code.  That provision states: "A person sentenced to imprisonment under this section for a nonviolent offense may receive up to one-year reduction in the term the person must otherwise serve if the person successfully completes a substance abuse treatment program in accordance with 18 U.S.C. § 3621(e)(2)."  D.C. Code § 24-403.01(d-1)(1).  The cited federal statute, 18 U.S.C. § 3621(e)(2), provides:

(2) Incentive for prisoner's successful completion of treatment program.—

(A) Generally.--Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of <u>residential</u> substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.

(B) Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Id. (emphasis added).

As indicated in those statutory provisions, to qualify for a one-year sentence reduction, a prisoner must successfully complete a <u>residential</u> treatment program "as opposed to [the BOP's} various nonresidential treatment options." Wade v. Baltazar, No. 17-cv-2327, 2019 WL 4386741, at *1, 2019 U.S. Dist. LEXIS 156194, at *3 (M.D. Pa. Sept. 12, 2019). Moore alleges that he completed a "non-residential drug abuse program" on December 5, 2024. Doc. No. 16, at 2; <u>see also</u> Doc. No. 20, at 3. Because Moore does not show that he has successfully completed a residential treatment program offered by the BOP, he has not shown that he qualifies for a sentence reduction under D.C. Code § 24-403.01(d-1)(1), which incorporates the residential treatment program requirement by that section's explicit reference to 18 U.S.C. § 3621(e)(2).

The Warden has thus shown that there is no genuine dispute of material fact in this case and that he is entitled to judgment as a matter of law on Moore's petition for a writ of habeas corpus under § 2241. Accordingly, the Warden's motion for summary judgment is properly granted, and Moore's motions seeking § 2241 relief must be denied.

## **Conclusion**

For these reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 4) and deny Moore's cross-motions (Doc. Nos. 16, 20-21, 24-25). Then, the clerk may enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal.

7

See id.  Failure to file any objections within the specified time waives the right to appeal the

district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge

February 19, 2026

cc:     Brian Edward Moore, pro se.
        Anna Dronzek, Esq.